O 243
EV 5/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

B-00-050

| United States District Court | District: SOUTHERN DISTRICT OF TEXAS | |
|---|---|---|
| Name of Movant: Remigio Reyes-Juarez | Prisoner No. 92045-079 | Docket No. 1:99CR00434-001 |
| Place of Confinement: FCI oakdale, P.O. Box 5000, Oakdale, LA 71463 | | |

(include name upon which convicted)

UNITED STATES OF AMERICA    v.    **REMIGIO REYES-JUAREZ**
(full name of movant)

United States District Court
Southern District of Texas
FILED

MAR 21 2001

Michael N. Milby
Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. District Court__ __Southern District of Texas, Brownsville Division__

2. Date of judgment of conviction __March 28, 2000__

3. Length of sentence __57 Months__

4. Nature of offense involved (all counts) __Alien unlawfully found in the United States after deportation in violation of 8 USC §§1326(a) and (b).__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court _____**NA**_____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____**NA**_____

      (2) Nature of proceeding _____
_____

      (3) Grounds raised_____
_____
_____
_____
_____
_____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

      (5) Result _____

      (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court _____

      (2) Nature of proceeding _____
_____

      (3) Grounds raised_____
_____
_____
_____

ClibPDF - www.fastio.com

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____**NA**_____
                        A

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐
(3) Third petition, etc.    Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not.

_____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The Counsel was ineffective by Failure to investigate Prepare for trial or object to the 16 level enhancement in PSI

Supporting FACTS (state briefly without citing cases or law) My counsel did not investigate, prepare for trial or object to the level 16 enhancement in the PSI at sentencing nor did he file a notice of appeal to correct the error. If he had investigate, he could have found that the 16 enhancement was in violation of Petitioner's due process rights.

B. Ground two: The level 16 Ehancement in the PSI is in violation of Petitioner's Constitutional right under due process, Because, enhancing factor was not charged in Indictment.

Supporting FACTS (state briefly without citing cases or law): The sentencing factor used in enhancing sentences was not charged in the indictment, nor presented to jury and proved beyond a reasonable doubt.

C. Ground three: _____

Supporting FACTS (state briefly without citing cases or law): _____

(5)

AO 243
REV 6/82

D. Ground four: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing **Sandra Zamora Zayas, AFPD, 600 E. Harrison St Suite 102, Brownsville, TX 78520-7119**

(b) At arraignment and plea **SAME**

_____ **SAME**

_____ **SAME**

AO 241
REV 9/82

(e) On appeal _____ NA _____

(f) In any post-conviction proceeding _____ NA _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
NA

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
Date

*Remigio Reyes Juarez*
Signature of Movant

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

REMIGIO REYES-JUAREZ           §
                               §
        Petitioner             §
                               §
VS.                            §   CAUSE # _____
                               §
UNITED STATES OF AMERICA       §
                               §
        Respondent             §

## MEMORANDUM AND LAW IN SUPPORT OF PETITIONER'S TITLE 28 U.S.C. § 2255 MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE

NOW COMES, Petitioner, __REMIGIO REYES-JUAREZ__, Pro-se, and respectfully Moves this Honorable Court to grant this petition pursuant to title 28 U.S.C. § 2255, Motion to Vacate, Set-aside Correct Sentence.

The Petitioner respectfully request a leave of court upon the Petitioner as a "Pro-se" litigant and not sophiscated in the law and to consider the Memorandum and Law in support of this § 2255 Motion by a person in Federal Custody under a Less stringent standard as applied in HAINES v KERNER, 404 U.S. 519, 90 L.Ed. 2d 652, 92 S.Ct. 594.

### JURISDICTION

This Honorable Court retains jurisdiction to decide this motion, because Petitioner pleaded guilty to Title __8__ U.S.C. 1326 (a) on __January 18, 2000__ and was sentenced on __March 28, 2000__.

This motion is filed within the one year statute of limitation as required by the "ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT

1

OF 1996" (AEDPA).

## STANDARD OF REVIEW

Pursuant to Title 28 U.S.C. § 2255 is challenging the lawfulness of the sentence which the AEDPA provides a remedy. The court should determine whether the claimed error(s) of Law was a fundamental defect which inherently resulted in a complete miscarriage of justice and whether it present exceptional circumstance where a need for the remedy afford by the Writ of Hebeas Corpus is apparent. See: CASPER v. RYAN, 822 F.2d 1283 (3rd Cir 1987), Cert. denied, 848 U.S. 1012 (1988).

## STATEMENT OF CASE

On November 9, 1999 Petitioner was charged in a one count indictment for Illegal Re-entery Following Deportation in Violation of 8 U.S.C. §1326 (a).

On January 18, 2000, Petitioner pleaded guilty, The Presentence Report was ordered and filed on February 14, 2000

On March 28, 2000 The Peitioner was sentenced to 57 months in Federal Custody and he is currently at FCI Oakdale. No appeal was filed by the Petitioner.

## ISSUES PRESENTED FOR REVIEW

**THE COUNSEL WAS INEFFECTIVE BY FAILURE TO INVESTIGATE, PREPARE FOR TRIAL OR OBJECT TO THE LEVEL 16 ENHANCEMENT IN THE PSI AT SENTENCING NOR DID HE FILE A NOTICE OF APPEAL OF SENTENCE.**

**THE LEVEL 16 ENHANCEMENT IN THE PSI IS IN VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS(THE LEVEL 16 ENHANCEMENT WAS NOT CHARGED IN THE INDICTMENT NOR PROVED TO JURY BEYOND A REASONABLE DOUBT.)**

2

## SUBJECT OF REVIEW

I    The question is wether the "Aggravated Felony" is an element of illigal Re-entry or a mere sentenceing factor, or wether failure to state the element render an indictment constitutionally defective.

II    Wether the bare pleading of Title 8 U.S.C. §1326 (a) or (b) ...in the indictment is sufficient to plead the **offense** charged, and if the indictment must contain **all allegation** of every fact which is legally essential to the punishment to be inflicted (U.S. -v- Reese, 92 U.S. 214,232-233, 23 L.Ed 563 (1875)).

III    Whether the Sentencing enhancing Factors, however named must be charged in the indictment and proved to **jury** beyond a reasonable doubt.

IV    Whether 2L1.2 (b) (1) (a)..."Enhancing Factor" (Level 16 Enhancement) increased the prescribed statutory **maximum** as was required under 2L1.2 (a)..from 24 months to <u>57</u> months.

V    Whether Counsel was ineffective when the performance fell below objective reasonable standard as required by the A.B.A.

This are the matters at hand for this Honorable Court's consideration and review.

2 (a)

## ARGUMENT

### INEFFECTIVE ASSISTANCE OF COUNSEL

**ISSUE ONE RESTATED:** The Counsel was ineffective by failure to investigate, prepare for trial or object to the level 16 enhancement in the PSI at sentencing, nor did he file a Notice of Appeal.

The Counsel was ineffective because assistance of counsle fell below an objective reasonable standard, thereby, dening the Petitioner his 6th Amendment right to effective assistance of counsel.

1. Counsel was ineffective by his failure to investigate the case or perpare for trial.

2. Counsel was ineffective by failure to object to 16 level increase under the PSI.

3. Counsel was ineffective by failure to file a Notice of Appeal to contest the 16 points increase.

Under the Sixth Amendment of the U.S. Constitution, Petitioner is entitled to effective assistance of counsel at trial. The counsel's representation in this case fell below an objective reasonable standard which resulted in an insurmountable prejudice to Petitioner. See STRICKLAND v WASHINGTON, 466 U.S. 668 (1984)

The usual method of challenging the effectiveness of defense counsel in a Federal Criminal trial is by a collateral attack on the conviction though these is not to say that the issue of ineffective assistance of counsel can not be raised on direct appeal. UNITED STATES v. AULET, CA2 (NY) 618 F.2d 182 (1980)

Petitioner contend that the trial counsel did not investigate the case nor prepare for trial, beacause, if he had perpared, he would have have noted that the level 16 increase violates due process rights of the Petitioner. The various court of appeal have held that trial counsel failure to investigate and perpare

3

for trial amounts to ineffective assistance See <u>HARRIS v WOOD</u>, 64 F. 3d 1432 (9th Cir. 1995)., See <u>CARANDELL v. BUNNELL</u>, 144 F. 3d 1213 (9th Cir 1998).

Furthermore, Conusel did bot object to the level 16 increase in the PSI nor did he file a Notice of Appeal to try and correct the error.

The Court of Appeal has reversed conviction due to inèffective pretrial consultation, investigation and perparation [see: <u>BYRD v. UNITED STATES</u>, 614 A. 2d 25 (D.C. 1992)]; [<u>SYKES v. UNITED STATES</u>, 585 A. 2d 1335, (D.C. 1991)]; [<u>HARRIS v. UNITED STATES</u>, 441 A. 2d 268 (D.C. 1982)].

Failure to file requested appeal is per se ineffective assistance of counsel irrespective of possibility of success on merits. [see <u>UNITED STATES v. FOSTER</u> 68 F.3d 86 (4th Cir 1995)].

The Sixth Amendment requires investigation and perparation, not only to exonerate, but also to secure and protect the rights of the accused, such constitutional rights are granted to the innocent and guilty alike and failure to investigate and file appropriate motion (ie Notice of appeal) is effective assistance. [see <u>KIMMELMAN v. MORRISON</u>, 477 U.S. 365 (1986)].

In order to assert a successful ineffective assistance of counsel claim. Petitioner must prove that he suffered prejudice <u>STRICKLAND v. WASHINGTON</u>, <u>Supra</u>, prejucdice has been defined as a reasonable probability that the out come of the trial (plea) would have been different. Petitoner contend that by the failure to investigate, prepare for trial nor file a notice of appeal, Petitioner has been prejudiced to 51 months sentence rather the

4

than the low sentence called for by law. The court appointed counsel's unprofessional error and omission must be considered in light of totality of the circumstances. In other word the prejudicial effect must be considered together. [See ARROWOOD v. CLUSEN, 732 F. 2d 1364 (7th Cir. 1984)]. The totality of trial counsel unprofessional error and omission in this case constitute ineffective assistance of counsel. [see GOODWIN v. BALKCOM, 684 F. 2d 794 (11th Cir 1982)]

Moreover, ineffective, incompeletent or inadequate respresentation is the same as no counsel at all and such, will equal a denial of Due Process [see STATE v. MCKAY, ND (1975), 234 NW. 2d 853.]

## THE LEVEL 16 ENHANCEMENT

**ISSUE TWO RESTATED:** The level 16 enhancement is the PSI is in violation of Petitioner's constitutional rights because the factors used to enhance the sentence by 16 point was not charged in the indictment nor proved to jury beyond a reasonable doubt.

The fact that the Petitioner did not object at sentencing hearing does not procedurally default the claim contemporaneous objection, because an indictment is jurisdictional ... a defect is not waived by a guilty plea and may be challenged for the first time on collateral attack. [see CABRERA-TERAN 168 F.3d 141, 143 (5th Cir 1999).

Petitioner avers that the level 16 enhancement pursuant to the Presentence Investigation Report based on **"Specific Offense Characteristics: Since the defendant was previously deported after a criminal conviction for an aggravated felony there is an increase of 16 level"** is in violation of Petitioner's

5

Due Process right under the 5th Amendment and Trial by Jury of the 6th Amendment of the United States Constitution. Due to the fact that the "Enhancing Factors" were not charged in the indictment nor proved to a jury beyond a reasonable doubt.

1. A prior felony conviction is an element of illegal re-entry and not a sentencing enhancement

2. The indictment failed to allege the prior felony conviction, which is an element of illegal en-entry.

The question here is whether the prior felony conviction is an element of illegal re-entry and not a sentencing enhancement and whether the indictment failed to allege the prior felony conviction which is an element of this instant offense.

An indictment must contain the element of the offense charge and fairly inform a defendant of the charge against him. HAMLING v UNITED STATES, 418 U.S. 87, 117 (1974).

In ALMENDAREZ-TORRES v. UNITED STATES, 523 US 224, (1998), the Supreme Court held in a five to four decision that an indictment in an illegal reentry case need not allege a defendant's prior "Aggravated Felony" conviction in order for a district court to sentence the defendant to an "enhanced" sentence under 8 U.S.C. 1326 (b)(2) based on the defendant prior conviction. ALMENDAREZ-TORRES, 523 US at 247. The majority held that section 1326(b)(2) merely created a "sentencing factor" that need not be pleaded in the indictment in order to result in an enhanced sentence based on a defendant prior "aggravated felony" conviction id at 243. Justice Scalia, joined by Stevens, Souter and Ginsburg, disented from the court holding in ALMENDAREZ-TORRES id at 248. The dissenters contended that section 1326 (b)(2) was not merely a "sentencing factor" but instead was a separate offense, id 270-71

6

As a result the dissenter contended the fact of a defendant prior conviction had to be pleaded in the indictment in order for a district court to impose an "enhanced" sentence above the two years maximum sentence provided for by 8 U.S.C. § 1326 (a) id.

The Supreme Court's ruling in ALMENDAREZ-TORRES, supra is obviously absent in a Federal case such as the instant case, where the highest federal appellate court (the U.S. Supreme Court) had issued a decision by the time of this proceeding.

On June 26, 2000, the Supreme Court issued a decision in APPRENDI v. NEW JERSEY, 120 S.Ct. 2348 (2000), which address the constitutionality of an enhanced prison sentence under sentencing enhancement statute of New Jersey, when a jury had not found the operative sentencing fact beyond a reasonable doubt and instead, the trial court simply had found operative fact by a preponserance of the evidence at the sentencing hearing. The supreme court held that Apprendi's enhanced sentence was unconstitutional id at 2366-67.

The Supreme Court held that:

The Constitution requires that any fact that increase the penalty for a crime beyond the prescribed statutory maximum other than the fact of a Prior conviction must be submitted to jury and proved beyond a reasonable doubt. APPRENDI v. NEW JERSEY, 120 S.Ct.2348 (2000).

The 14th and 5th Amendment rights to due process and sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that he is guilty of every elements of the crime which he is charge beyond a reasonable doubt, In re WINSHIP, 397 US 358, 364, 90 S.Ct. 1068, 25 L.Ed. 2d 368.

The Petitioner contend that the level 16 enhancement is in violation of his due process right and trial by jury rights of the 5th and 6th Amendment of the U.S. Constitution, in that prior felony conviction is an element of illegal re-entry and not a sentencing enhancement and that the indictment failed to allege the

7

prior felony conviction which is an element of illegal re-entry.

In light of the majority opinion in Apprendi, the petitioner contend that the __57__ months sentence for violation of __8__ U.S.C. §1326 (a) should be vacated and the petitioner re-sentenced as follow:

```
BASE OFFENSE LEVEL                              8
AJUSTMENT FOR ACCEPTANCE OF RESPONSIBILTY      - 3
TOTAL OFFENSE LEVEL                             5
CRIMINAL HISTORY CATEGORY   IV
SENTENCE RANGE      4    to   10   months.
```

A court may correct an illegal sentence... that is, one imposed in excess of the applicable statutory minimum..."at any time." HILL v. UNITED STATES, 368 U.S. 424, 430 & n.8 (1962).

Although the indictment referred to the statutory citation Title 8 U.S.C. Section 1326 such a "bare" statutory reference in the indictment is insufficient to plead a violation of 8 U.S.C. § 1326. See CABRERA-TERAN, 168 F.3d at 145 - 46; FORBES, 16 F.3d at 1297; UNITED STATES v. ZANGGER, 848 F. 2d 923 (9th Cir 1988).

Therefore, Petitioner pray that this §2255 Motion be granted and the Peitioner be sentenced according to the Law or any other relief as this Honorable court deem justice and proper in the interest of justice. GOD BLESS AMERICA.

Respectfully Submitted

*Remigio Reyes Juarez*
Remigio Reyes-Juarez

Reg 92045-079

F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463
PRO-SE

8