11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
JUN 0 9 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RITA DEFAZIO, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-050 |
| | § | |
| SUBARU OF AMERICA, HARLINGEN | § | |
| IMPORTS D/B/A HARLINGEN SUBARU | § | |
| AND HARLINGEN SUBARU, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Plaintiff, Rita Defazio's ("Ms. Defazio"), Motion to Remand. (Docket No. 5). Defendant, Subaru of America, Inc. ("Subaru"), filed a Response to Plaintiff's Motion for Remand. (Docket No. 7).

## FACTUAL SUMMARY

On February 2, 1998 at 5:30 p.m., Ms. Defazio was driving a 1997 Subaru Legacy on Texas Highway 48 in Cameron County, Texas near the fishing channel. She lost control of her vehicle which veered off the side of the road and flipped over. Ms. Defazio was ejected into the water. As a result of this accident, Ms. Defazio was injured.

Ms. Defazio filed this law suit in the 357th Judicial District Court of Cameron County, Texas on February 1, 2000. She amended her petition on March 1, 2000. Subaru then removed this case to United States District Court for the Southern District of Texas on April 3, 2000 claiming that Ms. Defazio had fraudulently joined the only nondiverse defendant, Harlingen Imports D/B/A Harlingen Subaru ("Harlingen Subaru"). Ms. Defazio next filed a Motion to Remand on April 17, 2000. Subaru filed a response to Ms. Defazio's Motion to Remand on May 10, 2000.

## RECOMMENDATION

In order to prove fraudulent joinder, a defendant must show one of three following situations exist: (a) there is an outright fraud in the plaintiff's recitation of jurisdictional facts, (b) there is no possibility the plaintiff will be able to establish a cause of action against the nondiverse defendant in state court, or (c) the diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Madison v. Vintage Petroleum Inc.*, 114 F.3d 514, 516 (5th Cir.1997). The defendant bears a heavy burden of demonstrating that such a fraudulent joinder has occurred. *Id.* at 516. Further, the Court must initially resolve in favor of the plaintiff all disputed questions in the state law and all contested issues of substantive fact. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

However, it must also be noted, that in resolving a remand dispute the Court must decide the issue based on the pleadings that were on file at the time the Notice of Removal was filed. *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256 (5th Cir. 1995).

In applying this case law to the instant case, it is clear that the only way Subaru can claim fraudulent joinder is by making the argument that Ms. Defazio has absolutely no cause of action against Harlingen Subaru. At the time the Notice of Removal was filed, Ms. Defazio's First Amended Original Petition was the live pleading. (Docket No. 1) In her First Ameded Original Petition, there were no causes of action alleged against Harlingen Subaru. All of her claims in this Petition were predicated on manufacture and design defects of her automobile. Therefore, she would not have been able to establish a cause of action against Harlingen Subaru in state court since these claims

were directed only at Subaru of America. Thus, this Court finds that Subaru has met its burden of demonstrating that Ms. Defazio fraudulently joined Harlingen Subaru.

IT IS **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 9th day of June, 2000.

John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com