IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RITA L. DEFAZIO, § | | |
| Plaintiff, § | | |
| § | | |
| Vs. § | CIVIL ACTION NO. B-00-050 | |
| § | | |
| SUBARU OF AMERICA, HARLINGEN § | | |
| IMPORTS D/B/A HARLINGEN SUBARU § | | |
| AND HARLINGEN SUBARU, § | | |
| Defendants. § | | |

## ORDER

Before this Court for its consideration is Magistrate Judge's Report and Recommendation (Docket # 11) dated June 9, 2000 and Plaintiff's Objection to Magistrate Judge's Proposed Findings, Conclusions and Recommendations (Docket #12). After a *de novo* review of the entire file and having discussed this matter with the Magistrate, there is mutual concurrence between this Court and the Magistrate that the Magistrate Judge's Report and Recommendation (Docket # 11) should **NOT BE ADOPTED** and that this case should be **REMANDED** to the 357th Judicial District Court of Cameron County, Texas where this case was originally filed.

As is written in the Magistrate Report and Recommendation, in order to prove fraudulent joinder, the defendant must show one of three of the following situations exist to give this Court proper diversity jurisdiction: (a) there is an outright fraud in the plaintiff's recitation of jurisdictional facts; (b) there is no possibility the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court; or ( c ) the diverse defendant is joined

Page 1 of 3

with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Madison v. Vintage Petroleum Inc.*, 114 F.3d 514, 516 (5th Cir. 1997). The defendant bears a heavy burden of demonstrating that such a fraudulent joinder has occurred. *Id.* at 516. Further, the Court must initially resolve in favor of the plaintiff all disputed questions in the state law and all contested issues of substantive fact. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

However, it must also be noted, that in resolving a remand dispute the Court must decide the issue based on the pleadings that were on file at the time the Notice of Removal was filed. *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256 (5th Cir. 1995).

In applying this case law to the instant case, this Court is not persuaded that the defendant has met its heavy burden of demonstrating that there was fraudulent joinder. There is no dispute that the Plaintiff's First Amended Original Petition, a copy of which is attached to the Notice of Removal (Docket # 1), is the live pleading for this Court's consideration. This Court finds that the language in the Plaintiff's First Amended Original Petition is broad enough to establish a cause of action against all defendants. More specifically, on page 3, paragraph V, of the Plaintiff's First Amended Original Petition arguably establishes a viable cause of action against Defendant Harlingen Imports D/B/A Harlingen Subaru and Harlingen Subaru in light of the plaintiff's Motion for Remand (Docket # 5) which attaches exhibits, such as Plaintiff's Exhibit A, that convinces this Court that the plaintiff has not fraudulent joined a non-diverse party. Consequently, this Court lacks jurisdiction to determine this case.

Accordingly, it is ORDERED, ADJUDGED and DECREED that the Magistrate Judge's Report and Recommendation is **NOT ADOPTED** .

Page 2 of 3

It is further ORDERED, ADJUDGED and DECREED that this case be **REMANDED** to the 357th Judicial District Court of Cameron County, Texas where this case was originally filed for further proceedings.

DONE on this the 3rd day of August, 2000 in Brownsville, Texas.

_____
Filemon B. Vela
United States District Court

Page 3 of 3